RICHARD D. WYCKOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32016.   Promulgated March 13, 1930.

*Albert S. Lisenby, Esq.*, for the petitioner.
*D. A. Taylor, Esq.*, for the respondent.

OPINION.

BLACK: The only question for determination is whether petitioner suffered a net loss for the year 1921, which is deductible for the years 1922 and 1923, as provided in section 204(a)(b) of the Revenue Act of 1921, which reads as follows:

SEC. 204. (a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) * * *

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from

the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year.

The facts in this case amply establish that the petitioner was actively engaged in three branches of trade or business—(1) as owner and editor of the Magazine of Wall Street and the allied financial advisory service, the Wykoff Analytical Staff; (2) as a trader on his own account in securities on the New York market, and (3) as an organizer and promoter of business enterprises, commonly known as a promoter.

The loss of $200,500 sustained by petitioner in 1921 on account of his ownership of shares of the capital stock of the Emerson Phonograph Co. was a loss sustained by him in his business as a promoter, which was a business regularly carried on by him, and was not a loss sustained by him in an isolated transaction.

It follows that the net loss of $171,247.27 sustained by petitioner in 1921 was a net loss within the meaning of section 204, Revenue Act of 1921, and should be deducted from petitioner's net income for the succeeding taxable year 1922, and that the excess, if any, should be allowed as a deduction in computing the net income of petitioner for the next succeeding taxable year 1923.

Cf. *Charles H. Van Etten*, 8 B. T. A. 611; *E. M. Elliott*, 15 B. T. A. 494; *Edward H. Baker*, 17 B. T. A. 733; *T. I. Crane*, 17 B. T. A. 720; *Elmore L. Potter*, 18 B. T. A. 549; and *Edgar L. Marston*, 18 B. T. A. 558.

*Judgment will be entered under Rule 50.*